UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Deontai McDuffie, | ) | C/A No. 9:20-3131-MBS-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Lt. Torelle Housey, Willie Davis, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This a civil action filed by a state prisoner. In the event a limitations issue arises, Plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to the district court). Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

## **MOTION FOR APPOINTMENT OF COUNSEL:**

On August 31, 2020, Plaintiff filed a motion (ECF No. 4) requesting appointment of counsel. He contends that he is unable to afford counsel, his imprisonment will greatly limit his ability to litigate, the issues are complex and will require significant research and investigation, he has limited access to the law library because his is on lockup, he has limited knowledge of the law, trial would likely involve conflicting testimony, and counsel would better enable him to present evidence and cross examine witnesses.

There is no constitutional right to counsel in a civil case. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981). While the Court is granted the power to exercise its discretion to request appointment of counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). A finding of exceptional circumstances will turn on two basic factors: the type and complexity of the case, and the abilities of the individual bringing it. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984) *abrogated on other grounds by Mallard v. U.S. Dist. Court for Southern Dist. Of Iowa*, 490 U.S. 296, 300 (1989); *Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982).

Upon review of the file, the Court has determined that there are no exceptional or unusual circumstances presented at this time which would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *See Whisenant, supra.* Nothing in Plaintiff's Motion or Complaint indicates he is incapable of articulating the factual bases for his

purported claims, none of which are complex. Plaintiff's Motion does not present exceptional circumstances warranting appointment of counsel at this time.

Moreover, whenever such a case brought by an uncounseled litigant goes to trial, the Court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his case. Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. § 1915(e)(1) is **DENIED** at this time.

## PAYMENT OF THE FILING FEE:

Plaintiff submitted an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240) and a Financial Certificate, which are construed as a Motion for Leave to Proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1), (2). A review of the Motion reveals that Plaintiff does not have the funds to pay the first installment of the filing fee.

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

By filing this case, Plaintiff has incurred a debt to the United States of America in the amount of $350.[1] *See* 28 U.S.C. § 1914. This debt is not dischargeable in the event Plaintiff seeks relief under the bankruptcy provisions of the United States Code. *See* 11 U.S.C. § 523(a)(17). Although the Prison Litigation Reform Act of 1996 permits a prisoner to file a civil action without prepayment of fees or security, it requires the prisoner "to pay the full amount of the filing fee" as funds are available. *See* 28 U.S.C. § 1915(a) and (b). As the court has granted Plaintiff permission to proceed *in forma pauperis*, **the agency having custody of Plaintiff shall collect payments from Plaintiff's prisoner trust account in accordance with 28 U.S.C. § 1915(b)(1) and (2), until the full $350 filing fee is paid.**

## TO THE CLERK OF COURT:

The Clerk of Court is directed to issue the summons forms and to forward copies of this Order, the summons forms, the Complaint (ECF No. 1) and the Forms USM-285 to the United States Marshal for service of process. The Clerk of Court may fully complete the summons and Forms USM-285 on behalf of Plaintiff, if Plaintiff has neglected to do so. The Clerk of Court shall calculate the 90-day period for service of process under Rule 4(m) from the date on which the summons forms are issued. *Robinson v. Clipse*, 602 F.3d 605, 608–09 (4th Cir. 2010) (tolling during initial review). **A copy of this Order must be provided to the United States Marshal.**

The Clerk of Court shall not enter any change of address submitted by Plaintiff which directs that mail be sent to a person other than Plaintiff unless that person is an attorney admitted to practice before this court who has entered a formal appearance.

---

[1] Effective May 1, 2013, an administrative fee of $50 was added to the filing fee of $350. The $50 administrative fee, however, is not applicable to *in forma pauperis* cases.

**TO THE UNITED STATES MARSHAL:**

The United States Marshal shall serve the Complaint on Defendants. The time limit to accomplish service is governed by Rule 4(m) of the Federal Rules of Civil Procedure. The 90-day limit established by Rule 4(m) will not run during the initial review of this case; therefore the 90 days begins on the date on which the summons forms are issued.

The United States Marshals Service is advised that it must expend a reasonable investigative effort to locate a defendant once a defendant is properly identified. *See Greene v. Holloway*, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. 2000) (citing with approval *Graham v. Satkoski*, 51 F.3d 710 (7th Cir. 1995)). If the information provided by Plaintiff on the Forms USM-285 is not sufficient for the Marshal to effect service of process, after reasonable investigative efforts have been made to locate a properly identified defendant, the Marshal should so note in the "Remarks" section at the bottom of the Form USM-285.

**TO DEFENDANTS:**

Defendants are directed to file an answer to the Complaint or otherwise plead.

**TO PLAINTIFF:**

Plaintiff **must** provide, and is responsible for, information sufficient to identify Defendants on the Forms USM-285. The United States Marshal cannot serve an inadequately identified Defendant. **An unserved Defendant may be dismissed as a party to this case if not served within the time limit governed by Rule 4(m) and this Order.**

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, any documents filed subsequent to the initial pleading must be served on parties. Unless otherwise ordered, service of subsequently filed documents on a defendant represented by an attorney is made on the attorney. Service on attorneys who have made an appearance in this court is effected by the court's Electronic Case Filing system through a computer-generated notice of electronic filing. However, prior to Defendants attorney(s) making an appearance in this court, Plaintiff must serve Defendants with any documents Plaintiff files subsequent to the initial pleading and file a certificate of service that states who was served, what document was served, and how the document was served.

Plaintiff must place the civil action number (9:20-3131-MBS-MHC) on any document provided to the court pursuant to this Order. **Any future filings in this case must be sent to the Clerk of Court, Post Office Box 835, Charleston, South Carolina 29402.** All documents requiring Plaintiff's signature shall be signed with Plaintiff's full legal name written in Plaintiff's own handwriting. *Pro se* litigants shall not use the "s/typed name" format used in the Electronic Case Filing System. In all future filings with this court, Plaintiff is directed to use letter-sized (8½ inches by 11 inches) paper only, to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper. Plaintiff is further instructed not to write to the edge of the paper, but to maintain one-inch margins on the top, bottom, and sides of each paper submitted.

Plaintiff is a *pro se* litigant. Plaintiff's attention is directed to the following important notice:

You are ordered to always keep the Clerk of Court advised **in writing (Post Office Box 835, Charleston, South Carolina 29402)** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this Order.** Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court. Your failure to do so will not be excused by the court.

**IT IS SO ORDERED.**

Molly H. Cherry
United States Magistrate Judge

September 15, 2020
Charleston, South Carolina

**Plaintiff's attention is directed to the important warning on the next page.**

**IMPORTANT INFORMATION .... PLEASE READ CAREFULLY**
**WARNING TO PRO SE PARTY OR NONPARTY FILERS**

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL* IDENTIFYING *INFORMATION* SHOULD NOT BE INCLUDED IN OR SHOULD BE REMOVED FROM ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.

**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.

**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.

**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).