UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Deontai McDuffie, #356613, ) | C/A No. 9:20-cv-03131-MBS-MHC |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | |
| ) | |
| Lt. Torelle Housey, Willie Davis, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is a Motion for Summary Judgment filed by Defendants Torelle Housey and Willie Davis. ECF No. 62. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the Motion is dispositive, this Report and Recommendation is entered for review by the District Judge.

## I.     BACKGROUND

Plaintiff Deontai McDuffie brought this pro se action pursuant to 42 U.S.C. § 1983, alleging Defendants were deliberately indifferent to a serious medical need while he was incarcerated at the Ridgeland Correctional Institution of the South Carolina Department of Corrections (SCDC). Specifically, Plaintiff alleges that on April 2, 2020, Defendant Housey called for every inmate to return to his cell for an official count. ECF No. 1 at 6. Plaintiff stood in front of his cell door and informed Defendant Housey that he was having breathing problems, that he had taken medicine from his inhaler but had not stopped wheezing, and that he was going to need medical attention. ECF No. 1 at 7; *see also* ECF No. 68 at 1.[1] Plaintiff alleges that Defendant

---

[1] In response to Defendants' Motion for Summary Judgment, Plaintiff provided sworn testimony that largely echoes the facts as alleged in the Complaint. ECF No. 68.

Housey instructed him to get behind the door of his assigned cell to complete the count. ECF No. 1 at 7; ECF No. 68 at 1.

Plaintiff avers that he was in his cell for seven hours and at some point during those seven hours, he suffered an asthma attack. ECF No. 1 at 7; ECF No. 68 at 1. Plaintiff avers that he sent other inmates to notify Defendant Housey when he later had that asthma attack, but it is unclear whether those inmates made contact with Defendant Housey. ECF No. 68 at 1. Plaintiff recounts that "Night shift Sgt. Washington got [him] to medical as soon as she steped [sic] on [the floor]." ECF No. 1 at 7. He testifies that he was weak, seeing stars, feeling lightheaded, and was scared for his life. ECF No. 68 at 1. He maintains that he had difficulty walking and that he had to be placed in a wheelchair to get to medical treatment at Ridgeland Correctional Institution. ECF No. 1 at 7; ECF No. 68 at 1.

Records reveal that when Plaintiff arrived for medical treatment, he was having difficulty breathing. ECF No. 62-2. He received a nebulizer that was effective in treating his symptoms. ECF No. 68 at 1. The nurse noted that Plaintiff's wheezing decreased significantly and that he was able to speak without shortness of breath. ECF No. 62-2. Plaintiff received a steroid injection the following day, which was successful in further treating Plaintiff. ECF No. 68-1 at 2. John Alden, the Physician's Assistant at Ridgeland Correctional Institute at the time of Plaintiff's incident, noted the prescribed treatments were successful, timely, and appropriate. ECF No. 62-3 at 1–2. He further opined that Plaintiff's symptoms "did not present an unstable or life-threatening condition at the time." ECF No. 62-3 at 2.

## II.     LEGAL STANDARD

Defendants move for summary judgment on Plaintiff's claim pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF No. 62. Summary judgment is appropriate if a party "shows

2

there is no genuine dispute as to any issue of material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Under the framework established in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the party seeking summary judgment shoulders the initial burden of demonstrating to the Court that there is no genuine issue of material fact. *Id*. at 323. Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id*. at 324.

Under this standard, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, although the Court views all the underlying facts and inferences in the record in the light most favorable to the non-moving party, the non-moving "party nonetheless must offer some 'concrete evidence from which a reasonable juror could return a verdict in his [or her] favor.'" *Williams v. Genex Servs., LLC*, 809 F.3d 103, 109 (4th Cir. 2015) (quoting *Anderson*, 477 U.S. at 256). That is to say, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory or speculative allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. To survive summary judgment, the non-movant must provide evidence of every element essential to his action on which he will bear the burden of proving at a trial on the merits. *Celotex Corp.*, 477 U.S. at 322.

Additionally, pro se filings are to be "liberally construed" and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). This "[l]iberal construction of the pleadings is particularly appropriate where, as here, there is a pro se complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (citation omitted); *Williamson v. Stirling*, 912 F.3d 154, 173 (4th Cir. 2018) (noting "we are obliged to construe [a complaint's] allegations liberally and with the intent of doing justice"). However, the requirement of liberal construction does not mean that the court can assume the existence of a genuine issue of material fact when none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.").

### III. DISCUSSION

Defendants assert that they are entitled to summary judgment. Specifically, they maintain that (1) Defendant Davis is entitled to Eleventh Amendment immunity and (2) Plaintiff has failed to show Defendant Housey was deliberately indifferent to a serious medical need under the Eighth Amendment. For the following reasons, the Court recommends granting Defendants' Motion.

**A. Defendant Davis is entitled to Eleventh Amendment immunity.**

Plaintiff has brought suit against Defendant Davis in his official capacity only. Thus, Defendants argue, and the Court agrees, that Plaintiff's § 1983 claim against Defendant Davis is barred by the Eleventh Amendment.

Under the Eleventh Amendment, federal courts are barred from hearing claims against a state or its agents, instrumentalities, and employees, unless the state has consented to the suit.

*Fauconier v. Clarke*, 966 F.3d 265, 279 (4th Cir. 2020); *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997) ("It has long been settled that [the Eleventh Amendment's] reference to 'actions against one of the United States encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities.'"). Unless a state has consented to suit or Congress has waived a state's immunity pursuant to the Fourteenth Amendment, a state (and its agencies) may not be sued in federal or state court. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Congress has not abrogated the states' sovereign immunity under § 1983, *Quern v. Jordan*, 440 U.S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann. § 15-78-20(e).

Here, at all times relevant to Plaintiff's Complaint, Defendant Davis was employed by SCDC, a state agency. As Plaintiff's suit was brought against Defendant Davis in his official capacity only, he is entitled to Eleventh Amendment immunity.[2] *See Simpson v. S.C. Dep't of Corr.*, No. 2:19-CV-2245-RMG, 2020 WL 582321, at *2 n.1 (D.S.C. Feb. 6, 2020) (noting SCDC employees are entitled to Eleventh Amendment immunity in suits brought against them in their official capacities); *see also Will*, 491 U.S. at 71 (reasoning "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," and, "[a]s such, it is no different from a suit against the State itself").

Even assuming, arguendo, that Plaintiff intended to bring suit against Defendant Davis in his individual capacity, Defendant Davis would still be entitled to summary judgment. Plaintiff has failed to show that Defendant Davis had any personal involvement in the alleged constitutional violations. *See Williamson*, 912 F.3d at 171 (noting a plaintiff must show that the official acted

---

[2] Moreover, for purposes of § 1983, Defendant Davis is not considered a "person" amenable to suit. *See Will*, 491 U.S. at 71 ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *see also Hafer v. Melo*, 502 U.S. 21, 26–27 (1991).

personally in violating the plaintiff's constitutional rights); *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (noting liability will only lie in § 1983 actions where it is "affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights" (citation omitted)). The only allegation against Defendant Davis is that he was not following SCDC's policies and procedures, which is not a cognizable claim—in and of itself—under § 1983. *See Johnson v. S.C. Dep't of Corr.*, No. 3:06-2062-CMC-JRM, 2007 WL 904826, at *12 (D.S.C. Mar. 21, 2007) ("[T]the failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation."); *Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992) (noting § 1983 "guarantees a person's *constitutional* rights against violation by state actors[—i]t does not provide any relief against prison rules violations" (emphasis in original)).

Moreover, to the extent Plaintiff alleges Defendant Davis is vicariously liable by virtue of the actions of his subordinates, that claim also fails. Pure supervisory liability will not lie in § 1983 actions. *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) ("The doctrine of *respondeat superior* has no application under this section." (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977))). Rather, to hold a supervisor liable for a constitutional injury inflicted by a subordinate under § 1983, Plaintiff must show facts establishing the following elements: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Plaintiff has failed to produce evidence showing any of these required elements. Accordingly, summary judgment in favor of Defendant Davis is appropriate.

**B. Plaintiff has failed to show Defendant Housey violated the Eighth Amendment.**

Plaintiff's claim, that Defendant Housey failed to provide him adequate medical care, is an allegation that his Eighth Amendment rights were violated. *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) ("[T]he Eighth Amendment imposes a duty on prison officials to 'provide humane conditions of confinement . . . [and] ensure that inmates receive adequate food, clothing, shelter, and medical care.'" (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). To sustain his constitutional claim under 42 U.S.C. § 1983, Plaintiff must make (1) a subjective showing that Defendants were deliberately indifferent to his medical needs and (2) an objective showing that those needs were serious. *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (noting a "plaintiff must demonstrate that the officers acted with 'deliberate indifference' (subjective) to the inmate's 'serious medical needs' (objective)"); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (to state an Eighth Amendment claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence [1] *deliberate* indifference to [2] *serious* medical needs" (emphasis added)).

The subjective prong of deliberate indifference is a "very high standard" and merely negligent behaviors do not meet the subjective mens rea requirement. *Young v. City of Mount Ranier*, 238 F.3d 567, 575–76 (4th Cir. 2001). The Fourth Circuit has recognized two different aspects of an official's state of mind that must be shown to satisfy the subjective prong in this context: "First, *actual knowledge of the risk of harm* to the inmate is required" and, second, "the officer must *also* have recognized that *his actions were insufficient* to mitigate the risk of harm to the inmate arising from his medical needs." *Iko*, 535 F.3d at 241 (emphasis in original) (internal quotation marks and citations omitted); *see also Farmer*, 511 U.S. at 837 ("[A] prison official cannot be found liable . . . for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both

7

be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

As to the objective prong, a "serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Heyer v. United States Bureau of Prisons*, 849 F.3d 202, 210 (4th Cir. 2017) (internal quotation marks omitted) (quoting *Iko*, 535 F.3d at 241).

Plaintiff contends that the respiratory symptoms (wheezing) he was exhibiting were so obvious that Defendant Housey should have recognized the necessity for a doctor's attention. ECF No. 1 at 7; ECF No. 68 at 1.

Defendants argue that Plaintiff has failed to establish that the respiratory symptoms he was exhibiting—during the time Plaintiff was physically in front of Defendant Housey—were a sufficiently serious medical need. ECF No. 62-1 at 4–7. Defendants focus on the point in time that Defendant Housey interacted with Plaintiff. Defendants also draw a distinction between Plaintiff having asthma versus having an asthma attack. *See* ECF No. 62-1 at 5 ("Although Plaintiff alleges that he suffers from asthma, at the time he presented to Defendant Housey he does not allege that he was having an asthma attack—only that he was wheezing." (footnote omitted)).

Some courts have also drawn a distinction between having asthma and suffering from an asthma attack. *See, e.g.*, *Patterson v. Lilley*, No. 02 CIV.6056 NRB, 2003 WL 21507345, at *4 (S.D.N.Y. June 30, 2003) ("Being an asthmatic (a person susceptible to asthma attacks) is not a condition, in Eighth Amendment parlance, that is severe or 'sufficiently serious.' The existence of the condition is distinct from the situation in which an inmate is suffering an actual attack."). Because the record before the Court ostensibly contains both instances, the undersigned likewise considers Plaintiff's asthma and subsequent asthma attack.

1. **Pre-Asthma Attack**

It is undisputed that Plaintiff suffers from asthma. As a general matter, asthma "can be, and frequently is, a serious medical condition, depending on the severity of the attacks . . . [b]ut not all cases of asthma necessarily constitute serious medical needs." *Lee v. Young*, 533 F.3d 505, 510 (7th Cir. 2008). Indeed, having asthma, or even having an asthma attack, does not automatically qualify as a serious medical need for purposes of the Eighth Amendment. *See, e.g.*, *Board v. Farnham,* 394 F.3d 469, 484 (7th Cir. 2005) (noting that asthma may qualify as a serious medical condition "depending on the severity of the attacks"); *Wright v. J & S Extradition Servs., LLC*, No. 3:11-0464, 2012 WL 1681812, at *6 (M.D. Tenn. May 11, 2012) ("Asthma that can be managed with the use of inhalers and other medication is not a serious health condition for the purposes of the Eighth Amendment." (cleaned up) (internal quotation marks omitted)); *Marcum v. Scioto Cty., Ohio*, No. 1:10-CV-790-HJW, 2014 WL 3955874, at *22 (S.D. Ohio Aug. 13, 2014) (distinguishing between "merely having a past diagnosis of 'asthma' and a severe asthma attack" and citing cases "where courts found that although a person may have been diagnosed with asthma in the past, it does not necessarily rise to the level of a 'serious medical need' at all times").

It is questionable whether Plaintiff's asthma—that is, the medical condition itself—qualifies as a serious medical condition. *Compare Lee*, 533 F.3d at 510 (finding a reasonable jury could conclude a prisoner's asthma was objectively serious where the record contained several doctors diagnosing his asthma as "severe"; the prisoner was using his Albuterol inhaler more readily and the record "implie[d] that respiratory examinations showed decreased lung capacity"; the prisoner was seen repeatedly in the medical unit for breathing problems; the Illinois Department of Corrections was on notice of his conditions; and the prisoner had gone to the

9

emergency room as a result of his asthma in the past), *with Stoneman v. Thompson*, No. CIV. 3:03CV716, 2005 WL 3881432, at *4 (E.D. Va. Apr. 19, 2005) ("Plaintiff has failed to produce any evidence that the defendant was deliberately indifferent to a serious medical need. The record does not indicate that plaintiff's asthma was a serious condition, but instead demonstrates that it 'was well-controlled without the need for more rigorous monitoring.'"), *aff'd,* 142 F. App'x 167 (4th Cir. 2005). In this instance, however, the Court need not decide whether Plaintiff's asthma was sufficiently serious to satisfy the objective prong for his Eighth Amendment claim, because Plaintiff has failed to satisfy the subjective prong of this claim.

Here, the only evidence before the Court is Plaintiff's testimony that he was wheezing in front of his cell door when Defendant Housey came to do the cell count. ECF No. 68 at 1. He told Defendant Housey that he had taken his medicine, that he had not stopped wheezing, and that he was "going to need medical attention." ECF No. 68 at 1. Plaintiff did not allege that—during this interaction with Defendant Housey—he was suffering from an asthma attack. Instead, Plaintiff alleges that the asthma attack occurred at some point after his interaction with Defendant Housey. *See* ECF No. 1 at 7 ("When my wheezing turned into an asthma attack, I sent other inmates to [Defendant Housey]."); ECF No. 68 at 1 ("After [Defendant] Housey lock[ed] me behind my cell door I [] sent other inmates to tell [Defendant Housey] that I really need[ed] to get to Medical.").

According to Plaintiff, Defendant Housey instructed him to return to his cell knowing that Plaintiff was in possession of his inhaler, and knowing that the inhaler still contained ten puffs' worth of medicine. ECF No. 1 at 7. Under these circumstances, viewing the evidence in the light most favorable to Plaintiff, Defendant Housey was not deliberately indifferent to Plaintiff's serious medical needs. *See Iko*, 535 F.3d at 241 ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." (citation omitted)). The only alleged conduct of

10

Defendant Housey at that time was the instruction for Plaintiff to return to his cell with his inhaler still on his person. *Cf. Johnson v. Farrey*, No. 03-C-592-C, 2003 WL 23111966, at *3 (W.D. Wis. Nov. 14, 2003) (finding prisoner's allegation that guards observed him having a severe asthma attack and refused to furnish his asthma inhaler—which required his hospitalization—satisfied the subjective component of an Eighth Amendment claim), *Harrison v. Sample*, No. C 07-959 SI PR, 2007 WL 1319525, at *1 (N.D. Cal. May 4, 2007) (finding allegation that prisoner "blacked out and lost consciousness" as a result of a guard's refusal to provide asthma inhaler stated an Eighth Amendment claim). Thus, Plaintiff has not shown that Defendant Housey's actions rose to the high level of being deliberately indifferent. *See Campbell v. Florian*, 972 F.3d 385, 395 (4th Cir. 2020) ("[D]eliberate indifference is a form of *mens rea* (or 'guilty mind') equivalent to criminal-law recklessness."), *as amended* (Aug. 28, 2020); *Grayson v. Peed*, 195 F.3d 692, 696 (4th Cir. 1999) (noting deliberate indifference requires "more than ordinary lack of due care for the prisoner's interests or safety").

2. **Asthma Attack**

It is also undisputed that Plaintiff had an asthma attack at some point after his interaction with Defendant Housey. *See* ECF No. 62–2 at 11 (medical records noting Plaintiff came "to Medical with asthma attack"); ECF No. ECF No. 1 at 7 ("When my wheezing turned into an asthma attack, I sent other inmates to [Defendant Housey]."). Plaintiff testified that he was weak, seeing stars, feeling lightheaded, and was scared for his life. ECF No. 68 at 1. He maintained that he had difficulty walking and that he had to be placed in a wheelchair to get to medical treatment at Ridgeland Correctional Institution. ECF No. 1 at 7; ECF No. 68 at 1. The undersigned notes that John Alden, the Physician's Assistant at Ridgeland Correctional Institute at the time of Plaintiff's incident, opined that Plaintiff's symptoms "did not present an unstable or life-threatening condition

at the time." ECF No. 62-3 at 2. However, viewing the facts and all inferences therefrom in the light most favorable to the Plaintiff, the undersigned finds sufficient evidence from which a jury could conclude Plaintiff's subsequent asthma attack was sufficiently serious for purposes of an Eighth Amendment claim.

Nevertheless, Plaintiff has not shown that Defendant Housey was deliberately indifferent to that medical need. That is, Plaintiff has not satisfied the subjective prong of an Eighth Amendment claim. Notably, there is no evidence before the Court that establishes exactly when Plaintiff's asthma attack occurred, though it was at some point after Plaintiff's initial interaction with Defendant Housey. *See* ECF No. 1 at 7 ("When my wheezing turned into an asthma attack, I sent other inmates to [Defendant Housey]."); ECF No. 68 at 1 ("After [Defendant] Housey lock[ed] me behind my cell door I [] sent other inmates to tell [Defendant Housey] that I really need[ed] to get to Medical."). While Plaintiff avers that he subsequently sent other inmates to notify Defendant Housey he was having an asthma attack, he does not state whether those inmates made contact with Defendant Housey, nor, if so, what Defendant Housey's alleged response was. That is, there is no evidence before the Court that Defendant Housey was ever aware of Plaintiff's subsequent asthma attack. *See Heyer*, 849 F.3d at 211 ("A prison official acts with deliberate indifference if he knows of and disregards an excessive risk to [the inmate's] health or safety. Put differently, the plaintiff must show that the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed *and* drew that inference." (internal citation and quotation marks omitted)).

Indeed, another correctional officer, Sergeant Washington, ultimately took Plaintiff to receive medical treatment when she stepped onto the floor for shift change. ECF No. 1 at 7; ECF No. 68 at 1. The medical evidence indicates this treatment was timely. ECF No. 62-3 at 1–2.

Under the circumstances, the evidence presented does not show Defendant Housey had any other interaction with or knowledge of Plaintiff's condition other than when Defendant Housey conducted the count for Plaintiff's block. Plaintiff has not shown that Defendant Housey was subjectively aware of Plaintiff's need for medical attention when he subsequently suffered from an asthma attack. *See Farmer*, 511 U.S. at 837 (stating a prison official must *know of* and *disregard* an excessive risk to inmate health or safety); *Heyer*, 849 F.3d at 211 ("[T]he plaintiff must show that the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed *and* drew that inference." (emphasis in original) (citation omitted)). Summary judgment is, therefore, proper.

## IV.    CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Defendants' Motion, ECF No. 62, be **GRANTED**.

Molly H. Cherry
United States Magistrate Judge

May 12, 2022
Charleston, South Carolina

**The parties are directed to the next page for their rights to file objections to this recommendation.**

13

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).