IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Deontai McDuffie, #356613, ) | |
| ) | C/A No. 9:20-3131-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Unit Manager Lt. Torelle Housey, ) | |
| Regional Director Willie Davis, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Deontai McDuffie is an inmate in custody of the South Carolina Department of Corrections ("SCDC"). He currently is housed at McCormick Correctional Institution in McCormick, South Carolina. At the time of the underlying events, Plaintiff was housed at Ridgeland Correctional Institution ("RCI") in Ridgeland, South Carolina. Defendant Torelle Housey is or was employed by SCDC at RCI and has been sued in his individual capacity. Defendant Willie Davis is or was employed by SCDC at SCDC Headquarters in Columbia, South Carolina, and has been sued in his official capacity.

On August 31, 2020, Plaintiff, proceeding pro se and in forma pauperis, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Defendant Housey denied Plaintiff medical care in violation of his rights under the Eighth Amendment. Plaintiff alleges that Defendant Davis is not following SCDC policy. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Molly H. Cherry for pretrial handling.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff alleges that, on April 2, 2020, around 12:00 p.m., Defendant Housey entered the block and told everyone to stand by their cell doors for countdown. Plaintiff, who suffers from

asthma, states he was wheezing, even after utilizing his inhaler. Plaintiff showed Defendant Housey his inhaler was nearly empty and asked for medical attention because Plaintiff knew from experience his condition would deteriorate. Defendant Housey locked Plaintiff in his cell. Plaintiff alleges his wheezing turned into an asthma attack. Plaintiff states he sent other inmates to notify Defendant Housey of Plaintiff's condition; however, it was not until shift change seven hours later that Night Shift Sgt. Washington sent him to the medical unit. Plaintiff contends Sgt. Washington had to obtain a wheelchair to transport Plaintiff because he was in so much pain. Plaintiff states he had to get an injection and take some breathing treatments, and that his lungs hurt for three days. Plaintiff seeks actual and punitive damages.

The medical records show Plaintiff presented to the medical unit on April 2, 2020 at 7:57 PM for an emergency visit. ECF No. 6-2, 10. Plaintiff stated he started having trouble breathing around 12:30 count time and it kept getting worse. Plaintiff's oxygen saturation level was 85 percent. *Id.* It was noted Plaintiff was having difficulty breathing and was wheezing. Plaintiff was given access to a nebulizer, which was effective. *Id.* at 11. On April 3, 2020, Plaintiff presented again with wheezing and tight upper lobes. Plaintiff was treated again with a nebulizer, but his saturation levels fluctuated between 97 percent and 93 percent. *Id.* at 7-8. Later in the day, Plaintiff received Solumedrol 125 intramuscular injections. His saturation level was 96 percent. Plaintiff was discharged with instructions to return to medical if needed. *Id.* at 1.

Defendants filed a motion for summary judgment on January 7, 2022. By order issued January 10, 2022, in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition on March 11, 2022. The Magistrate

Judge issued a Report and Recommendation on May 12, 2022, in which she recommended Defendants' motion for summary judgment be granted. Plaintiff filed objections on May 26, 2022.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court reviews de novo only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond*, 416 F. 3d at 315; *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

Defendants assert summary judgment is appropriate (1) as to Defendant Davis because he is entitled to Eleventh Amendment immunity; and (2) as to Defendant Housey because he was not deliberately indifferent to a serious medical need, and therefore did not violate Plaintiff's rights under the Eighth Amendment.

**A.     Eleventh Amendment Immunity**

Plaintiff's complaint names Defendant Davis in his official capacity only. ECF No. 1, 2-3. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Although by its terms the Amendment applies only to suits against a State by citizens

3

of another State, [the Supreme Court has] extended the Amendment's applicability to suits by citizens against their own States. The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court. " *Bd. of Trustees v. Garrett*, 531 U.S. 356, 363 (2001) (citations omitted.). Further, while § 1983 allows for suits for damages against state officials in their individual capacities, it does not allow for suits for money damages against state officials in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). The Magistrate Judge determined Defendant Davis is entitled to Eleventh Amendment immunity.

The Magistrate Judge further observed that, even if Plaintiff intended to sue Defendant Davis in his individual capacity, there are no allegations Defendant Davis had any personal involvement in the alleged denial of medical care. ECF No. 69, 5 (citing *Williamson v. Stirling*, 912 F.3d 154, 171 (4th Cir. 2018) ("To establish personal liability under § 1983, however, the plaintiff must 'affirmatively show[] that the official charged acted personally in the deprivation of the plaintiff's rights.'")). The Magistrate Judge recounted Plaintiff's sole allegation against Defendant Davis, that he was not following SCDC procedures. The Magistrate Judge found such an allegation is not a cognizable claim, in and of itself, under § 1983. ECF No. 69, 6 (citing *Johnson v. S.C. Dep't f Corr.*, No. 3:06-2062-CMC-JRM, 2007 WL 904826, at *12 (D.S.C. Mar. 21, 2007)("[T]he failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation."). The Magistrate Judge also noted Defendant Davis cannot be held vicariously liable for Defendant Housey's allegedly unconstitutional conduct. ECF No. 69, 6 (citing *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985)("The doctrine of *respondeat superior* has no application under this system.")).

For these reasons, the Magistrate Judge recommended summary judgment be granted in favor of Defendant Davis. Plaintiff does not object to the Magistrate Judge's conclusions regarding Defendant Davis, and the court discerns no clear error. Defendants' motion for summary judgment is granted as to Defendant Davis.

**B.     Eighth Amendment**

Plaintiff's claim against Defendant Housey in his individual capacity alleges a violation of Plaintiff's Eighth Amendment rights. The Eighth Amendment protects prisoners from cruel and unusual living conditions. *Zellers v. Northam*, Civil Action No. 7:21-cv-393, 2022 WL 3711892, at *7 (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). To plead such a claim requires facts showing that: (1) objectively, the deprivation was sufficiently serious, in that the challenged, official acts caused denial of "'the minimal civilized measure of life's necessities'"; and, (2) subjectively, the defendant prison officials acted with "'deliberate indifference to inmate health or safety.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). To satisfy the first element, the prisoner must show "'significant physical or emotional harm, or a grave risk of such harm,'" resulting from the challenged conditions. *Id.* (quoting *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995)). To show deliberate indifference, the plaintiff must show that the prison official actually knew of and disregarded the serious risk of harm posed by the conditions. That standard is the equivalent of "'subjective recklessness as used in the criminal law.'" *Id.* (quoting *Farmer*, 511 U.S. at 839). "'[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted.'" *Id.* (quoting *Farmer*, 511 U.S. at 844.).

Defendants assert Plaintiff did not establish the respiratory symptoms he exhibited at the time

he interacted with Defendant Housey constituted a serious medical problem. Defendants contend Plaintiff was only wheezing at that time and that there was adequate medicine in the inhaler to treat Plaintiff's symptoms. Defendants argue Plaintiff did not demonstrate that the wheezing symptoms he experienced were so obvious that even a lay person could easily recognize the necessity for a doctor's attention, *Heyer v. U.S. Bur. of Prisons*, 849 F.3d 202, 210 (4th Cir. 2017), especially when Plaintiff told Defendant Housey he had his inhaler on his person and had been self-administering the medication. Defendants state that the nurse who evaluated Plaintiff did not note Plaintiff was in acute distress.

Defendants further contend Plaintiff cannot establish Defendant Housey deliberately ignored his serious medical needs. Defendants assert Defendant Housey instructed Plaintiff to return to his cell knowing Plaintiff was in possession of his inhaler, and that the inhaler still contained some medication. According to Defendants, an inhaler is the standard treatment for shortness of breath occasioned by asthma, so that Plaintiff was not denied access to reasonable medical care. Defendants contend there is no evidence other inmates were able to make contact with Defendant Housey, or what his response was if they did. Defendants' position is that Defendant Housey's only relevant conduct occurred when Defendant Housey interacted with Plaintiff prior to Plaintiff's asthma attack.

In response to Defendants' motion, Plaintiff argues he could prove Defendant Housey acted with deliberate indifference if he had access to camera footage from April 2, 2020 or was able to obtain declarations from the inmates who were present that day. Plaintiff contends Defendant Housey allowed a substantial risk of serious harm by ignoring Plaintiff's warnings. Plaintiff also asserts that his vital signs were not taken when he first was transported to the medical unit because

he was in distress.

The Magistrate Judge analyzed the facts in the context of Plaintiff's pre-asthma attack and separately in context of his asthma attack. The Magistrate Judge determined that the medical condition of asthma can qualify as a serious medical need depending on the severity of the attacks and how well it is controlled by medication. The Magistrate Judge did not reach the issue of whether Plaintiff's asthma was sufficiently serious to satisfy the objective prong for his Eighth Amendment claim because Plaintiff failed to demonstrate Defendant Housey's actions rose to the level of deliberate indifference. The Magistrate Judge found, as urged by Defendants, that Defendant Housey placed Plaintiff in his cell knowing only that Plaintiff was wheezing and that Plaintiff had his inhaler in his possession.

Regarding the asthma attack Plaintiff suffered while in his cell, the Magistrate Judge found sufficient evidence from which a jury could conclude Plaintiff's attack was sufficiently serious for purposes of an Eighth Amendment claim. However, the Magistrate Judge determined there is no evidence before the court to support a finding that Defendant Housey was aware of Plaintiff's subsequent asthma attack and his need for medical care. Stated differently, the Magistrate Judge found no evidence Defendant Housey knew of and disregarded an excessive risk to inmate health or safety. The Magistrate Judge recommended Defendants' motion for summary judgment be granted as to Defendant Housey.

Plaintiff's objections to the Report and Recommendation read as follows:

1. I am a pro se plaintiff, I don't know the law that well, also I think a trail should be held base on the following facts.

    2.      The missing log book pages[1]

    3.      The camera footage that was not saved[2]

    4.      The inmate's that I can't get declaration from that can prove my case.

    5.      My statement of claim and affidavit that is supposed to be takeing as fact in the courts.

    6.      Please grant me this trail against Lt. Torelle Housey.

ECF No. 71 (errors in original).

---

[1] Plaintiff served discovery requests on Defendants in October 2020, which included a request for the unit logbooks for April 2, 2020. ECF No. 19-1. In response to a motion to compel filed by Plaintiff on December 28, 2020, ECF No. 19, Defendants informed the court that there had been difficulty locating RCI's Unit logbooks for April 2, 2020. Defendants informed the court there are two missing pages from the logbook, pages 123 and 124. On page 125 is a notation from Defendant Hulsey that pages 123 and 124 had been ripped off earlier in the day prior to Defendant Hulsey's assumption of his shift. ECF No. 20, 2. The Magistrate Judge denied Plaintiff's motion to compel as moot. ECF No. 21. Plaintiff filed a motion on June 21, 2021, seeking an order for spoilation because Defendant Housey admitted a page in the Unit log book was ripped out. Plaintiff stated he was deprived of evidence that would have proven his complaint. ECF No. 47. The Magistrate Judge denied Plaintiff's motion on August 12, 2021, on the grounds that Plaintiff had not demonstrated the pages were altered or destroyed to prevent his using them as evidence. The Magistrate Judge also noted it was not clear what evidence Plaintiff contended was contained in the missing pages that had been removed from the Unit log book prior to April 2, 2020. ECF No. 50. Plaintiff appealed the Magistrate Judge's order on October 12, 2022. ECF No. 52. The court affirmed the Magistrate Judge's order. ECF No. 60.

[2] Plaintiff filed a motion to compel on April 5, 2021 in which he sought security camera footage covering the period from 11:00 a.m. to 8:00 p.m. on April 2, 2020. ECF No. 38. The Magistrate Judge granted the motion on April 20, 2021. ECF No. 40. On May 19, 2021, Plaintiff filed a motion for default judgment on the grounds Defendants had failed to provide the camera footage. ECF No. 42. On May 27, 2021, Defendants informed the Magistrate Judge that there exists no video footage regarding the alleged incident. ECF No. 43. The Magistrate Judge denied Plaintiff's motion for default judgment on May 28, 2021. ECF No. 44. Plaintiff filed a motion for default judgment on June 21, 2021 on the grounds that Defendants had failed to preserve the April 2, 2020 footage. ECF No. 46. The Magistrate Judge denied Plaintiff's motion on August 12, 2021 on the grounds that Plaintiff failed to show any duty to preserve the April 2, 2020 video, or that Defendants intended to deprive him of any video's use in this litigation. ECF No. 50. Plaintiff appealed the Magistrate Judge's order on October 12, 2022. ECF No. 52. The court affirmed the Magistrate Judge's order. ECF No. 60.

Plaintiff makes no specific objections to the Report and Recommendation. The court has reviewed the Report and Recommendation for clear error and concurs in the Magistrate Judge's determination that Plaintiff has not demonstrated a genuine issue of material fact exists as to whether Defendant Housey violated Plaintiff's rights under the Eighth Amendment. Defendants' motion for summary judgment is granted in favor of Defendant Housey.

### III. CONCLUSION

The court adopts the Report and Recommendation and incorporates it herein by reference. For the reasons stated, Defendants' motion for summary judgment (ECF No. 62) is **granted**..

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Charleston, South Carolina

August 31, 2022